In re ROBERT A. WRIGHT & CO.

District Court, W. D. Pennsylvania.
January 15, 1929.

No. 14385.

Stonecipher & Ralston, of Pittsburgh, Pa., for trustee.

Lewis M. Alpern and Sidney J. Watts, both of Pittsburgh, Pa., for Knight Soda Fountain Co.

McVICAR, District Judge. Robert A. Wright & Co., prior to bankruptcy, was engaged in the wholesale business in the city of Pittsburgh, selling, inter alia, soda water fountains and fixtures. The Knight Soda Fountain Company was a manufacturer of soda water fountains and fixtures in the city of Chicago, Ill. The bankrupt, prior to bankruptcy, was the representative of the Knight Soda Fountain Company in the city of Pittsburgh and territory adjacent thereto. As representative of the Knight Soda Fountain Company it sold soda water fountains and fixtures of said company; it also kept samples on hand for the purpose of display and sale. The property described in paragraphs 3 and 4 of the petition hereinafter referred to were samples of the Knight Company in possession of the bankrupt at the time of its adjudication. These samples and other samples, which it had in its possession, during a number of years, were shipped on consignment by the Knight Company to the bankrupt; the property was marked "Property of the Knight Soda Fountain Company." The insurance was carried in its name. The Knight Company had the right to retake these samples at any time that it might desire to do so. The bankrupt had the right to sell the samples when they became old, or when it became necessary to make a quick delivery, or otherwise necessary in order to make a sale, but, before being sold, permission was required from the Knight Company. After a sale was made, the account of the Knight Company was changed from a consignment account to the regular sales account, and the Wright Company gave its note, together with collateral that it received in the nature of a bailment lease, as security for the note to the Knight Company. At the time of the bankruptcy, about $18,000 in value of these samples were on hand. The Knight Company presented its petition, alleging that it was the owner of the goods, and praying that an order be made on the trustee in bankruptcy directing him to deliver said goods to the petitioner. The trustee filed an answer, denying that the title to said property was in the petitioner, but claiming, under the facts, that it was in the trustee as successor in title of the bankrupt.

The matter was referred to Watson B. Adair, as special master. He filed his report, and recommended therein that an order be made permitting the Knight Company to take the goods described in the third and fourth paragraphs of the petition; that the expenses of reference be paid in the first instance by the Knight Company; and that the same be allowed as an expense of administration. The trustee has filed exceptions to a number of the findings of fact, conclusions of law, and the order recommended.

It seems clear that, whether the relation between the Knight Company and the Wright Company was that of principal and agent, or bailor and bailee, the title to the goods was in the Knight Company. The rights of the creditors in this case are not higher than that of the bankrupt, as there is no evidence that they were misled in any way, or that credit was given upon the faith of ostensible ownership in the Wright Company. There was sufficient evidence to sustain the master's findings of fact. The order which he recommends is clearly correct under the law applicable to the facts in this case. The exceptions are therefore dismissed. Decree to be prepared and submitted to the court.